Gautam Dutta, Esq. (State Bar No. 199326)
BUSINESS, ENERGY, AND ELECTION LAW, PC
5655 Silver Creek Valley Rd # 900
San Jose, CA  95138
Telephone:  415.236.2048; Fax:  213.405.2416
Email:  Dutta@BusinessandElectionLaw.com

Attorneys for Plaintiff
MIKE HONDA FOR CONGRESS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| MIKE HONDA FOR CONGRESS, <br><br> an unincorporated political association, <br><br> *Plaintiff*, <br><br> vs. <br><br> BRIAN PARVIZSHAHI, an individual, <br><br> RO FOR CONGRESS, INC., <br><br> a California corporation, <br><br> ROHIT "RO" KHANNA, an individual, <br><br> and DOES 1 through 10, <br><br> *Defendants*. | Case Number: <br><br> COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR: <br><br> **1. Violation of the Computer Fraud and Abuse Act (18 U.S.C. §1030(a))** <br><br> **2. Violation of the Computer Fraud and Abuse Act (18 U.S.C. §1030(b))** <br><br> **3. Violation of the Economic Espionage Act (18 U.S.C. §§ 1832, *et seq.*)** <br><br><br> JURY TRIAL DEMANDED |

INTRODUCTION

1. Mike Honda for Congress files this Complaint against Defendants Brian Parvizshahi, Ro for Congress, Inc., and Rohit "Ro" Khanna, for they illegally obtained and used confidential, proprietary information belonging to Mike Honda for Congress.  As a result of their wrongdoing, the privacy of *thousands* of supporters of Congressmember Honda was violated.  Furthermore, they were personally pressured and intimidated by Defendant Khanna at a place that they had least expected:  their own email inbox.

2. By illegally obtaining and using Mike Honda for Congress' confidential, proprietary information, Defendants violated the Computer Fraud and Abuse Act (18 U.S.C. §1030) and the Economic Espionage Act (18 U.S.C. §§1832, *et seq*.).

3. Mike Honda for Congress seeks, *inter alia*, to stop Defendants from continuing to illegally use Mike Honda for Congress' confidential and proprietary information, as well as to obtain legal redress for the harm that has been inflicted upon Mike Honda for Congress and its supporters.

PARTIES

4. Plaintiff **Mike Honda for Congress** is an unincorporated political association with its principal place of business in Santa Clara County, California.

5. Upon information and belief, Defendant **Brian Parvizshahi** works from a place of business located in Santa Clara County, California.

6. Defendant **Ro for Congress, Inc.,** a California corporation that was incorporated in 2011, conducts business from and maintains an office in Santa Clara County, California.

7. Upon information and belief, Defendant **Rohit "Ro" Khanna** is a resident of Alameda County, and works from a place of business located in Santa Clara County.

JURISDICTION AND VENUE

8. This action arises under 18 U.S.C. §1030 and 18 U.S.C. §§1832, *et seq*. in relation to Defendants' unlawful actions.  Accordingly, this Court has federal-question

COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES

jurisdiction under 28 U.S.C. §1331 and 28 U.S.C. §1343.

9. All or most of the practices, events, and omissions alleged in this Complaint occurred in Santa Clara County.  Accordingly, venue is appropriate for the U.S. District Court for the Northern District of California, San Jose Division, pursuant to 28 U.S.C. §1391(b)-(c).

## FACTUAL BACKGROUND

### The Race for California's 17th Congressional District

10. Congressmember Mike Honda represents California's 17th Congressional District, an area that comprises a core part of Silicon Valley:  Cupertino, Sunnyvale, Santa Clara, Milpitas, Newark, and parts of San Jose and Fremont.

11. In 2004, Defendant Khanna unsuccessfully ran for the U.S. House of Representatives against the late Congressmember Tom Lantos, who represented San Mateo County and a part of San Francisco County.

12. In 2014, Defendant Khanna unsuccessfully challenged Congressmember Honda for his current seat.

13. Because they were the top two finishers in California's June 7, 2016 "Top Two" Primary, Congressmember Honda and Defendant Khanna advanced to the Nov. 8, 2016 general election.

14. Currently, Defendant Brian Parvizshahi is the Campaign Manager of Defendant Ro for Congress, Inc. (Defendant Khanna's campaign).

15. Defendant Parvizshahi joined Defendant Ro for Congress, Inc. as Data Director in January 2014, and became Campaign Manager the following year.

### Defendant Parvizshahi's Internship with Mike Honda for Congress' Consultant

16. On April 25, 2005, Mike Honda for Congress and Madalene Mielke entered into an agreement (the "Agreement"), whereby Ms. Mielke became the fundraising consultant to Mike Honda for Congress.

17. Pursuant to the Agreement (art. VI), Mike Honda for Congress solely or jointly owned

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

all information (including fundraising and donor information) developed during the term of the Agreement.  All such information was deemed "confidential" and was required to be held "in absolute confidence".

18. Subsequently, Ms. Mielke founded Arum Group, LLC.  After Arum Group was incorporated, Ms. Mielke's role as fundraising consultant under the Agreement was transferred to Arum Group.  Pursuant to the terms of the Agreement, Arum Group served as fundraising consultant to Mike Honda for Congress until December 2014.

19. Alison Woodworth, Arum Group's Finance Associate, hired and supervised interns during the relevant period.

20. Ms. Woodworth hired and supervised three or four interns for Summer 2012.  One of those interns was Defendant Parvizshahi.

21. Defendant Parvizshahi began what was intended to be his summer-long internship at Arum Group in May 2012.

22. Like other Arum Group interns, Defendant Parvizshahi was required to sign an Internship Agreement, which contained a non-disclosure agreement (NDA) with respect to Arum Group's confidential, client information.

23. In relevant part, the Internship Agreement stated:

   1. You agree that you will not in any way discuss information obtained in connection with your position with the Arum Group outside of the Arum Group's clients.

   2. You will treat any confidential or non-public information provided to you by the Arum Group as *strictly confidential*.  Any dissemination or discussion regarding such confidential information is *prohibited* with anyone outside of the Arum Group, unless permission to disseminate or discuss such information is granted.  This confidentiality requirement *shall survive the termination of this agreement*.[1]

24. Defendant Parvizshahi was given access to some of Arum Group's confidential client information.  That information included confidential, proprietary information belonging to Mike Honda for Congress.

---

[1] Italics added.

COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES

**Defendant Parvizshahi Gains Dropbox Access to Mike Honda for Congress' Confidential, Proprietary Information**

25. Dropbox is a cloud (online) storage service that is frequently used for sharing and synchronizing files.

26. Arum Group's Alison Woodworth shared access of certain files within Arum Group's Dropbox account by sending an "invitation" to the personal (i.e., non-Arum Group) email address of every intern, including that of Defendant Parvizshahi.

27. Defendant Parvizshahi was given access to two Dropbox folders: (1) an Intern folder, and (2) a folder containing fundraising information relating to Mike Honda for Congress (hereinafter, the "Honda Folders").

28. During his internship, Defendant Parvizshahi disliked performing what he deemed to be menial tasks.

29. On June 8, 2012, Defendant Parvizshahi abruptly resigned from his internship.

30. After his last day at Arum Group, Defendant Parvizshahi's access to Arum Group's Dropbox account was inadvertently not withdrawn.

31. Arum Group continued to serve as the fundraising consultant for Mike Honda for Congress until December 2014.

**The Uniqueness of Each Dropbox Account**

32. A Dropbox account is created using at least the following pair:  a person's "username" and password.

33. This access granted to the person using that username is unique.

34. For example, suppose that one Dropbox account is created and then deleted, and later a second account is created with the *same* username.  In that scenario, the access to the shared data of the first account would *not* be accessible to the second account.

35. Each Dropbox account has the ability to tie the account to an arbitrary number of computers.  Each computer would have an alias (nickname) assigned to it.

36. Data on Dropbox is shared by means of "user permissions".  For example, if

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

user1@example.com authorizes access to a shared folder (titled "SHARES") to
user2@example.com, user2 would be able to access all files in SHARES from all
devices until that access is withdrawn by user1.

37. Dropbox's "Acceptable Use Policy" prohibits users from "violat[ing] the law in any
way" or "even try[ing] to … violate the privacy or infringe the rights of others." *See*
https://www.dropbox.com/privacy#acceptable_use (last visited Sept. 20, 2016).

**Sharing Information on Dropbox:  "Edited", "Removed", and "Added"**

38. In a shared Dropbox folder, all authorized users are granted access as "permissioned"
(generally, read-only access or full access).

39. Any changes to files are recorded on Dropbox as "In <Shared Folder Name>, <user>
<action> <filename>."

40. There are three main types of "actions" that can be made to a Dropbox file.  A file can
be "edited", "removed", or "added".

41. An "edited" action means that the file had a new (updated) version of itself uploaded
to the shared location within the Dropbox account.  "Edited" often means that the file
was *last* viewed by a user at the time the "edited" action was recorded on Dropbox.

42. Notably, just because a file has been edited does not necessarily mean that the *content*
of the file has changed.  Many files have additional "metadata" stored in them:
information keeping track of edits, summary information, view information, and other
information relating to the state of a document outside of the content itself.

43. Such metadata is therefore much more volatile.  For example, changing a Word
document from "Print" view to "Draft" view would constitute a change in state and
would be saved and recorded on Dropbox *even if* nothing else occurred.

44. A file that was "edited" *was definitely opened by the Dropbox user*.  More could have
been done to the file; but the "edited" marker indicates, at a bare minimum, that the
file was opened.

45. A "removed" action means that the file was removed from the shared location within

COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES

the Dropbox account.

46. An "added" action means that a new file was added to the shared location within the Dropbox account.

47. From a forensic standpoint, Dropbox files labeled as "added" are the most interesting, for those files are the ones with which that person making the change spent the most time.

48. If a Dropbox file shows an action of "added" and that file had existed *before* the "added" action occurred, it means that the file was (a) removed from the shared location within the Dropbox account, and then (b) was *re*-added (i.e., was moved back) to the shared location within the Dropbox account.

49. This scenario most often occurs when someone has *removed* the file to another location (e.g., his or her desktop) – and then *moved the file back* to the shared location within the Dropbox account.

**Meaning of the "Desktop" Label in "Added" or "Edited" Actions**

50. When Dropbox shows that a file has been "added" or "edited", a label of "Desktop" or "Website" appears on the same line.  That label ("Desktop" or "Website") shows the *source* of the action that was taken.

51. If the label is "Desktop", hovering over this label will reveal the alias (nickname) of the computer used to make the edits.

52. If more than one alias is seen, it means that (1) more than one computer was used to make the edits, and (2) the user had authorized a number of computers to access both his or her personal Dropbox account and, by extension, any shared folders tied to that account.

**Defendant Parvizshahi Accesses Mike Honda for Congress' Confidential, Proprietary Data After Leaving His Internship With Mike Honda for Congress' Consultant**

53. After leaving Arum Group, Defendant Parvizshahi continued to access the confidential, proprietary data belonging to Mike Honda for Congress.

COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES

54. During the relevant period, Defendant Parvizshahi accessed the Honda Folders from one of two computers:  one had the alias of "BrianParvi-PC"; the other had the alias of "BrianParvi".

55. Between Feb. 7, 2013 and Sept. 20, 2013, Defendant Parvizshahi "edited", "added", or in some way modified the Honda Folders at least a total of seven times:  three times on Feb. 7, 2013, once on Feb. 18, 2013, twice on June 23, 2013, and once on Sept. 20, 2013.

56. In that regard, copies of screenshots of each file that Defendant Parvizshahi "edited", "added" or in some way modified for the period Feb. 7, 2013 through Sept. 20, 2013 are reprinted below:

 

091011 Chicago host cmte targets.xls
Brian Parvizshahi edited on February 7, 2013

February 7, 2013

 091011 Chicago host cmte t... · 9:03 PM   Added by Brian Parvizshahi. · Desktop   **BrianParvi-PC**

Obama Bundlers Import.xls   2/7/2013 9:05 PM   Brian

February 7, 2013

Obama Bundlers Import.xls · 9:05 PM   Added by Brian Parvizshahi. · Desktop   **BrianParvi-PC**

Obama Volunteer Fundraisers Q2.xls   2/7/2013 9:05 PM   Brian

February 7, 2013

 Obama Volunteer Fundrais... · 9:05 PM   Added by Brian Parvizshahi. · Desktop   **BrianParvi-PC**

COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES

**Defendant Parvizshahi Accesses Mike Honda for Congress' Confidential, Proprietary Data Throughout His Employment with Defendant Ro for Congress, Inc.**

57. Defendant Parvizshahi joined Defendant Ro for Congress, Inc. as Data Director in January 2014, and became Campaign Manager in 2015.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

58. After Jan. 2014 (when he began working for Defendant Ro for Congress, Inc.), Defendant Parvizshahi continuously accessed the Honda Folders.

59. Specifically, Defendant Parvizshahi "edited", "added", or in some way modified individual documents within the Honda Folders at least forty-four (44) times. Several documents were "edited", "added", or in some way modified more than once.

60. In that regard, copies of screenshots of each file that Defendant Parvizshahi "edited", "added", or in some way modified for the period Jan. 1, 2014 through June 14, 2015 are reprinted below:

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**022514** Labor List.xls
in **/Honda**                                         Modified 2/25/2014 9:57 AM   Brian

022614 Labor List.xls
Brian Parvizshahi edited on February 26, 2014

**022614** Labor List.xls                             2/26/2014 3:03 PM   Brian

Labor list max outs 021814.xls                        2/26/2014 3:03 PM   Brian

February 26, 2014

BrianParvi-PC

Labor list max outs 021814.... • 3:15 PM             Added by Brian Parvizshahi. • Desktop

2012 Contributions Industry Breakdown.xls
Brian Parvizshahi edited on February 28, 2014

February 28, 2014

BrianParvi-PC

2012 Contributions Industry... • 9:37 PM             Added by Brian Parvizshahi. • Desktop

✕    030514 MH Contribution 2008-2014.xls
     Brian Parvizshahi edited on March 7, 2014

March 7, 2014

BrianParvi-PC

030514 MH Contribution 20... • 11:11 PM              Added by Brian Parvizshahi. • Desktop

✕    112th pac fundraisers.xls
     Brian Parvizshahi edited on March 7, 2014

COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES

112th pac fundraisers.xls                          3/7/2014 10:59 PM   Brian

✕     031913 MH calls.xls
      Brian Parvizshahi edited on March 20, 2014

March 21, 2014
                                                          BrianParvi-PC

031913 MH calls.xls · 1:23 AM              Added by Brian Parvizshahi. · Desktop

PAC Targets.xls                                    3/20/2014 4:54 PM   Brian

**PAC Targets**.xls
in **/Honda/events/2014 Events**                   Modified 3/20/2014 4:54 PM   Brian

031913 MH calls.xls                                3/21/2014 1:23 AM   Brian

✕     042214 PAC Calls.xls
      Brian Parvizshahi edited on April 25, 2014

042214 PAC Calls.xls                               4/25/2014 4:26 PM   Brian

Q2 PAC Targets.xls                                 5/12/2014 11:51 AM   Brian

PACs + Hosts List.xls                              6/25/2014 11:23 AM   Brian

COMPLAINT FOR INJUNCTIVE RELIEF
                                          AND DAMAGES

1

2

3

2014 Summer PAC List .xls
Brian Parvizshahi edited on June 30, 2014

4

5

6

7

✕   2012 khanna donors Pritpal Singh.xls
Brian Parvizshahi edited on September 25, 2014

8

9

September 25, 2014

BrianParvi

10

2012 khanna donors Pritpal... • 12:37 PM   Added by Brian Parvizshahi. • Desktop

11

12

13

031113 Sacramento targets spreadsheet.xls          9/25/2014 12:35 PM   Brian

14

15

September 25, 2014

BrianParvi

16

031113 Sacramento targets... • 12:35 PM   Added by Brian Parvizshahi. • Desktop

17

18

2013 MH Contribution Report.xls
Brian Parvizshahi edited on September 25, 2014

19

20

September 25, 2014

BrianParvi

21

22

2013 MH Contribution Repo... • 12:18 PM   Added by Brian Parvizshahi. • Desktop

23

24

October 23, 2014

BrianParvi-PC

25

26

102314 Tribe Contributions.... • 10:21 PM   Added by Brian Parvizshahi. • Desktop

27

28

- 13 -

COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES

October 23, 2014

BrianParvi-PC

101413 Contributions.xls · 10:23 PM        Added by Brian Parvizshahi. · Desktop

2012&2014 Contribution Comparison.xls        10/23/2014 10:22 PM   Brian

October 23, 2014

BrianParvi-PC

2012&2014 Contribution Co... · 10:22 PM     Added by Brian Parvizshahi. · Desktop

Tech List.xls · 10:18 PM                     Added by Brian Parvizshahi. · Desktop

October 23, 2014

BrianParvi-PC

Tech List.xls · 10:18 PM                     Added by Brian Parvizshahi. · Desktop

110314 Double Max PAC List .xls
Brian Parvizshahi edited on November 3, 2014

110314 NVA PAC List.xls
Brian Parvizshahi edited on November 3, 2014

110314 PAC 2014 General Max.xls
Brian Parvizshahi edited on November 3, 2014

COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES



61. On June 15, 2015, Defendant Parvizshahi "edited" the Honda Folders for the last time.

62. Copies of screenshots of each file that Defendant Parvizshahi "edited", "added", or in some way modified on June 15, 2015 are reprinted below:

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES



COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

June 15, 2015

2014 Summer PAC List .xls • 4:04 PM          Edited by Brian Parvizshahi. • Desktop

June 15, 2015

110314 Double Max PAC Lis... • 4:04 PM       Edited by Brian Parvizshahi. • Desktop

June 15, 2015

110314 NVA PAC List.xls • 4:04 PM            Edited by Brian Parvizshahi. • Desktop

June 15, 2015

110314 PAC 2014 General ... • 4:04 PM        Edited by Brian Parvizshahi. • Desktop

**Defendant Khanna's Email Accosting of Mike Honda for Congress Supporters**

63. Beginning Saturday, Oct. 3, 2015, sixteen individuals contacted Mike Honda for Congress to report that Defendant Khanna had accosted Mike Honda for Congress supporters by directly emailing them on Oct. 3, 2015.

64. In each of those emails – which were sent in at least four batches at 3:10, 3:14, 3:15, and 3:17 pm PT – supporters were asked if they "might have time for a call" to discuss Defendant Khanna's race against Congressmember Honda.

65. In each of those emails, Defendant Khanna further stated that "Honda's ethics scandal has convinced many voters about the need for change." Defendant Khanna's email also contained, under the heading of "Recent Press", links to a number of articles that were critical of Congressmember Honda.

66. At the time, Honda for Congress did not know Mr. Khanna and his campaign had obtained the names and current email addresses of its donors. Those items are the

COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES

lifeblood of any successful fundraising (and political) campaign.

67. The sixteen individuals who contacted Honda for Congress regarding Mr. Khanna's email were likely the tip of the iceberg.  Namely, for every donor who contacted Honda for Congress, there likely were at least 50-100 donors who did *not* contact Honda for Congress.

68. As of today, Honda for Congress has gathered Declarations from six supporters of Mike Honda for Congress regarding the emails that they received from Defendant Khanna on Oct. 3, 2015:  **Garnetta Annable; Judy Bertelsen; Kalyn Free** (who lives in Oklahoma); **Fayzan Gowani** (who has never resided in California's 17th Congressional District); **Washington State Senator Bob Hasegawa** (who lives in Washington State); and **Dale Minami.**

69. Between 3:10 pm and 3:17 pm PT on Oct. 3, 2015, each of the six supporters received an identical, blind-carbon-copied email from Defendant Khanna.  In fact, two of the supporters (Ms. Bertelsen and Ms. Free) received the email at the same time:  3:17 pm PT.

70. Currently, one of the six supporters (Ms. Gowani) is not even listed in the Federal Election Commission's (FEC) donor records.[2]  Another supporter (Ms. Annable) was not listed in the FEC's donor records until May 28, 2016.

**Defendant Khanna's Responses to Inquiries Regarding His Email Accosting of Mike Honda for Congress Supporters**

71. After being accosted by Defendant Khanna, Ms. Gowani asked, *inter alia*, Defendant Khanna how he had obtained her contact information:  "Also, please explain \*how\* you found my email.  *I have never and do not plan on voting or campaigning for you, nor have I ever resided in your district*."[3]

72. In an email (sent from his iPhone) on which Defendant Brian Parvizshahi was copied

---

[2]    Federal campaigns are required to report, to the Federal Election Commission, donations of more than $200 during an election cycle.  *See* 52 U.S.C. §30104(b)(3)(a); 11 C.F.R. §104.8(a).

[3]    Italics added.

COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES

(on his private, non-campaign email), Defendant Khanna answered in relevant part and asked Defendant Parvizshahi to "make sure" that Ms. Gowani had been removed from the "friends list":

> You were on a *friends list* as a prospect of someone who would find my campaign platform attractive as a next generation democrat. … I am sorry you were included on this list and we will take you off per your request.

> Brian, please make sure of that.

73. After being accosted by Mr. Khanna, Ms. Bertelsen told Mr. Khanna that she strongly supported Congressmember Khanna.

74. One hour later, Mr. Khanna emailed her a response.  Among other things, he stated: "I hope over the years I will be able to earn your trust."

**The Anonymous Release of a Document Containing Confidential, Proprietary Information Belonging to Mike Honda for Congress**

75. On Dec. 16, 2015, San Jose *Inside* published, online, a document containing confidential information of donors to Mike Honda for Congress.  That document included the donors' names, preferred nicknames, employer information, personal telephone numbers, and preferred nicknames.

76. According to *Inside*, that document had "arrived in the mail" from an anonymous source in early December 2015.

**The Discovery of the Data Breach**

77. On May 31, 2016, Randy Broz, the fundraising consultant for Mike Honda for Congress, received a notification from Dropbox that files in the "Honda" folder had been modified.

78. In response, Sudip Dutta, then the Finance Director of Mike Honda for Congress, sent an email to Arum Group's Madalene Mielke, the previous fundraising consultant for Mike Honda for Congress, to inquire about those Dropbox files.

79. In response, Ms. Mielke sent an email to Mr. Dutta that same day.  In that email, Ms. Mielke stated that (1) Defendant Parvizshahi had previously been an intern for Arum

COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES

Group, (2) Defendant Parvizshahi had not been previously removed from the Dropbox access list with respect to the files of Mike Honda for Congress, and (3) upon discovering that inadvertent oversight, she had removed Defendant Parvizshahi's name from the Dropbox access list.

80. Subsequently, Michael Beckendorf, Campaign Manager of Mike Honda for Congress, requested access to the file from Ms. Mielke; and she provided him with access to the files in Dropbox.  Mr. Beckendorf began to examine the Honda Folders to determine what information had been exposed.

81. In so doing, Mr. Beckendorf found that many files within the Honda Folders had timestamps noting that Defendant Parvizshahi had accessed and made edits to those files after he had left Arum Group, LLC and *throughout the time when he was working for Ro for Congress, Inc.*

82. That same day (May 31, 2016), Mr. Beckendorf contacted Robert Eberhardt, Mike Honda for Honda's opposition researcher, to assist in assessing the nature of information that had been compromised.  For this purpose, Mr. Eberhardt was given access to the Honda Folders.

83. Mr. Beckendorf also asked Vedant Patel, Communications Director to Mike Honda for Congress, to assist in assessing the scope of the data breach.

84. It became clear to Mike Honda for Congress that Defendant Parvizshahi had begun accessing confidential information belonging to Mike Honda for Congress after leaving Arum Group, and had continued accessing that information while working for Ro for Congress, Inc.

85. After examining the Honda Folders, Mr. Beckendorf also discovered that a spreadsheet entitled "2012 2010 Crane Club Cycle Report.xls" *matched perfectly* with the donor document that had been anonymously provided to – and published by – San Jose *Inside* on Dec. 16, 2015.

86. In response, Mr. Beckendorf promptly notified Congressmember Honda that

- 20 -                    COMPLAINT FOR INJUNCTIVE RELIEF
                         AND DAMAGES

Defendant Parvizshahi had obtained access to the confidential, proprietary information of Mike Honda for Congress.

87. In addition, Mr. Beckendorf sent an email to his Campaign Team at 4:48 pm on May 31, 2016.  In that email, he notified the following members of Mike Honda for Congress that Defendant Parvizshahi had obtained access to the campaign's sensitive donor information:  Vedant Patel (Communications Director); Raghu Devaguptpu and Rachel Irwin (AL Media); Adnaan Muslim and Mara Kunin (Mission Control, Inc.); David Mermin (Lake Research Partners); Robert Eberhardt (Stanford Caskey); and Mike Nellis and MaryCate Brower (Revolution Messaging).

88. In that email, Mr. Beckendorf notified his Campaign Team that a significant amount of our campaign's confidential fundraising had been compromised:

> Rob[ert Eberhardt] is currently through all the information that was exposed to the Khanna campaign leading [up to] [20]15.
>
> Safe to say that had access to EVERYTHING last cycle.[4]

89. Shortly thereafter, Mr. Beckendorf received an email from Robert Eberhardt, Mike Honda for Congress' Opposition Researcher.  In that email, Mr. Eberhardt stated: "Yeah, as Michael [Beckendorf] said, it looks like *everything* related to Mike Honda's fundraising over the last years is in this folder that Brian [Parvizshahi] had access to."[5]

90. Among other things, Mr. Eberhardt stated that the Honda Folders contained personal contact information of the campaign's large-dollar and small-dollar donors.

**The Donor Document Entitled "030514 MH contribution 2008-2014.xls"**

91. As seen above, on March 7, 2014 Defendant Parvizshahi "edited" and "added" a donor file entitled "030514 MH contribution 2008-2014.xls" (hereinafter, the "Donor Document"):

---

[4]    Capitalization in original.

[5]    Italics added.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1
2
3
4
5







6
7
8
9
10

92. The Donor Document contains detailed donor information from 2008 to 2014, including but not limited to:  date of donation, amount, contact name, employer, occupation, city and state of residence, email, phone numbers.  As the first page of the document (at top left) shows, the Donor Document provides detailed information with respect to donations totaling to **$3,500,594.11.**

11
12
13
14

93. In that regard, the Donor Document contained 9793 entries of confidential donor information, including that of the six supporters mentioned earlier:  Garnetta Annable; Judy Bertelsen; Kalyn Free; Fayzan Gowani; Washington State Senator Bob Hasegawa; and Dale Minami.

15
16

**The Harm Caused by the Data Breach and Defendant Khanna's Accosting of Mike Honda for Congress Supporters:  Assessment Costs**

17
18

94. Mike Honda for Congress has suffered severe harm that was directly caused by the data breach and Defendant Khanna's solicitation of our donors.

19
20

95. Among other things, Mike Honda for Congress was forced to spend $5,109.36 in order to assess the extent to which the Honda Folders had been compromised.

21
22
23

96. Specifically, Mr. Beckendorf devoted 60 hours (at his hourly rate of $53.12) conducting and compiling research, participating in conference calls, coordinating team strategy, and reaching out to donors.  That amount totaled to $3,187.50.

24
25
26

97. Mike Honda for Congress' Opposition Researcher Robert Eberhardt devoted 15 hours (at his hourly rate of $100) conducting and compiling research and participating in conference calls.  That amount totaled to $1,500.00.

27
28

98. Mike Honda for Congress' Communications Director Vedant Patel devoted 15 hours

COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES

(at his hourly rate of $28.12) conducting and compiling research, participating in conference calls, and developing press and communications strategy.  That amount totaled to $421.86.

**The Harm Caused by the Data Breach and Defendant Khanna's Accosting of Mike Honda for Congress Supporters:  Harm to Rep. Honda's Relationship with Supporters**

99. When it comes to fundraising, Congressmember Honda abides by a simple rule:  As a matter of respect, one should never solicit supporters of his or her opponent.

100.    Because it is costly to campaign across a highly populated metropolitan area, it is critical not only to convince supporters to donate, but also to encourage them to continue to donate up to the legally allowed limit.

101.    The data breach into Mike Honda for Congress' confidential, proprietary information has already irreparably harmed it in at least three serious ways.

102.    *First*, its supporters were harassed and intimidated, for Defendant Khanna accosted them at a place that they had least expected:  their email inbox.  In response, some donors may have reduced – or stopped altogether – their financial support for Mike Honda for Congress.

103.    *Second*, the data breach into confidential, proprietary information has compromised Rep. Honda's relationships with supporters – which, in many cases, he has cultivated for years.

104.    *Third*, the data breach personally embarrassed Rep. Honda and harmed his reputation.  Not only were his supporters subjected to Mr. Khanna's attacks upon Congressmember Honda, but the disclosure of confidential, proprietary information from the Honda Folders also resulted in adverse publicity for Rep. Honda.

105.    Unless all Defendants are ordered to return – and stop using – all information obtained from the data breach, Congressmember Honda's campaign will continue to suffer irreparable harm.

**Defendants Have Directly Benefited from Their Wrongdoing**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

106.   Each Defendant has directly benefited from their wrongdoing.  Defendant Pavizshahi parlayed his illegal access to the Honda Folders into his current, well compensated position as Campaign Manager in a high-profile Congressional race. Defendant Ro for Congress, Inc. and Defendant Khanna used Honda for Congress' confidential, proprietary information not only to harass and intimidate Mike Honda for Congress supporters, but to harm Congressmember Honda's reputation and political standing.

COUNT 1

**Computer Fraud and Abuse Act**

(Violation of 18 U.S.C. §1030(a))

*Against Defendants Brian Parvizshahi and Ro for Congress, Inc.*

107.   Mike Honda for Congress incorporates by reference the foregoing allegations.

108.   On February 7, 2013, February 18, 2013, June 23, 2013, February 18, 2014, February 19, 2014, February 25, 2014, February 26, 2014, February 28, 2014, March 7, 2014, March 20, 2014, March 21, 2014, April 25, 2014, May 12, 2014, June 25, 2014, September 25, 2014, October 23, 2014, November 3, 2014, March 2, 2015, June 15, 2015, as well as on other dates currently unknown to Mike Honda for Congress, Defendants Parvizshahi intentionally accessed Mike Honda for Congress' protected data stored in Arum Group's Dropbox account for the purpose of obtaining Mike Honda for Congress' confidential and proprietary information.

109.   On February 18, 2014, February 19, 2014, February 25, 2014, February 26, 2014, February 28, 2014, March 7, 2014, March 20, 2014, March 21, 2014, April 25, 2014, May 12, 2014, June 25, 2014, September 25, 2014, October 23, 2014, November 3, 2014, March 2, 2015, June 15, 2015, as well as on other dates currently unknown to Mike Honda for Congress, Defendant Parvizshahi and Defendant Ro for Congress, Inc. intentionally accessed Mike Honda for Congress' confidential, proprietary information stored in Arum Group's Dropbox account for the purpose of obtaining

Mike Honda for Congress' confidential and proprietary information.

110.   Neither Defendant Parvizshahi nor his employer Defendant Ro for Congress, Inc. had authorization or permission to access this account on the aforementioned dates in 2013, 2014, and 2015.

111.   Defendant Parvizshahi used and abused his access (granted during his brief internship with Arum Group) to log into Arum Group's Dropbox account.  During these sessions, Defendant Parvizshahi and Defendant Ro for Congress, Inc. obtained confidential, proprietary information about Mike Honda for Congress' past, current and potential donors and their financial data.

112.   Defendant Parvizshahi and Defendant Ro for Congress, Inc. have utilized this confidential and proprietary client information for their own benefit, and to the detriment of Mike Honda for Congress.

113.   Defendant Parvizshahi's and Defendant Ro for Congress, Inc.'s actions, as described above, violate 18 U.S.C. §1030(a).  As a direct and proximate result of those actions, Mike Honda of Congress has been injured in an amount to be proven at trial.  Accordingly, Mike Honda for Congress seeks all available compensatory and injunctive relief.

COUNT 2

**Computer Fraud and Abuse Act:  Conspiracy**

(Violation of 18 U.S.C. §1030(b))

*Against Defendants Brian Parvizshahi, Ro for Congress, Inc., and Rohit "Ro" Khanna*

114.   Mike Honda for Congress incorporates by reference the foregoing allegations.

115.   Beginning approximately January 2014, Defendant Parvizshahi, Defendant Ro for Congress, Inc., and Defendant Khanna had an understanding, whereby (1) Defendant Parvizshahi obtained Mike Honda for Congress' confidential, proprietary information from the Arum Group's Dropbox account, and (2) all three Defendants used that information for their benefit and to the detriment of Mike Honda for Congress, Inc.

COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES

116.   Among other things, that collaboration between the Defendants enabled them to create what Defendant Khanna called a "friends list" – one that consists of supporters of Mike Honda for Congress.  In that regard, Defendant Khanna personally responded to inquiries from Mike Honda for Congress supporters regarding the "friends list"; and, as needed, directed Defendant Parvizshahi to remove certain Mike Honda for Congress supporters (like Fayzan Gowani) from the "friends list".

117.   Defendants' actions, as described above, violate 18 U.S.C. §1030(b).  As a direct and proximate result of those intentional actions, Mike Honda of Congress has been injured in an amount to be proven at trial.  Accordingly, Mike Honda for Congress seeks all available compensatory and injunctive relief.

COUNT 3

**Theft of Trade Secrets**

(Violation of 18 U.S.C. §§1832, *et seq.*)

*Against Defendants Brian Parvizshahi, Ro for Congress, Inc., and Rohit Khanna*

118.   Mike Honda for Congress incorporates by reference the foregoing allegations.

119.   On February 7, 2013, February 18, 2013, June 23, 2013, February 18, 2014, February 19, 2014, February 25, 2014, February 26, 2014, February 28, 2014, March 7, 2014, March 20, 2014, March 21, 2014, April 25, 2014, May 12, 2014, June 25, 2014, September 25, 2014, October 23, 2014, November 3, 2014, March 2, 2015, June 15, 2015, as well as on other dates currently unknown to Mike Honda for Congress, Defendant Parvizshahi intentionally accessed Mike Honda for Congress' protected data stored in Arum Group's Dropbox account for the purpose of obtaining Mike Honda for Congress' confidential and proprietary information.

120.   On February 18, 2014, February 19, 2014, February 25, 2014, February 26, 2014, February 28, 2014, March 7, 2014, March 20, 2014, March 21, 2014, April 25, 2014, May 12, 2014, June 25, 2014, September 25, 2014, October 23, 2014, November 3, 2014, March 2, 2015, June 15, 2015, as well as on other dates currently unknown to

- 26 -

Mike Honda for Congress, Defendant Parvizshahi and Defendant Ro for Congress, Inc. intentionally accessed Mike Honda for Congress' confidential, proprietary information store in Arum Group's Dropbox account for the purpose of obtaining Mike Honda for Congress' confidential and proprietary information.

121.    On February 18, 2014, February 19, 2014, February 25, 2014, February 26, 2014, February 28, 2014, March 7, 2014, March 20, 2014, March 21, 2014, April 25, 2014, May 12, 2014, June 25, 2014, September 25, 2014, October 23, 2014, November 3, 2014, March 2, 2015, June 15, 2015, as well as on other dates currently unknown to Mike Honda for Congress, Defendant Parvizshahi, Defendant Ro for Congress, Inc., and Defendant Khanna conspired to intentionally access Mike Honda for Congress' confidential, proprietary information stored in Arum Group's Dropbox account for the purpose of obtaining Mike Honda for Congress' confidential and proprietary information.

122.    The confidential, proprietary information that was accessed contained, *inter alia*, trade secret data regarding past, current, and potential donors of Mike Honda for Congress.

123.    As such, that information derived independent economic value by not being generally known to the public and was subject to reasonable efforts to maintain its secrecy.  Arum Group's Dropbox account was password protected, and Defendant Parvizshahi signed an Internship Agreement containing a non-disclosure agreement (NDA) as a condition of his internship with Arum Group.  The terms of that NDA survive to this day.

124.    Neither Defendant Parvizshahi nor Defendant Ro for Congress, Inc. had authorization to access the data in Arum Group's Dropbox account.

125.    Defendant Parvizshahi, Defendant Ro for Congress, Inc., and Defendant Khanna intended to use the trade secret data about Mike Honda for Congress' past, current, and potential donors for their economic benefit.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

126.    Defendants' actions, as described above, violate 18 U.S.C. § 1832, *et seq.,* which provides for civil remedies under the Defend Trade Secrets Act (18 U.S.C. §1836).

127.    The aforementioned conduct of Defendant Parvizshahi, Defendant Ro for Congress, Inc., and Defendant Khanna unlawful conduct is continuing, and there is no indication that any of them will refrain from continuing such activity in the future.  If they are not enjoined from the conduct set forth in this Complaint, they will continue to violate federal law.

128.    As a direct and proximate result of Defendants' willful and malicious actions, Mike Honda for Congress has been injured in an amount to be proven at trial.  Mike Honda for Congress seeks compensatory damages, exemplary damages, disgorgement of ill gotten gains (including campaign contributions), injunctive relief, and attorney's fees.

REQUEST FOR RELIEF

Mike Honda for Congress requests the following relief:

A.  Compensatory damages;

B.  Exemplary damages;

C.  Injunctive relief, including but not limited to the return and destruction of all illegally obtained information and all ill gotten gains;

D.  Reasonable attorney's fees and costs; and

E.  All another relief that the Court deems just and proper.

COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES

DATED:  Sept. 22, 2016

BUSINESS, ENERGY, AND ELECTION

LAW, PC


By:_____

GAUTAM DUTTA, ESQ.


Attorneys for Plaintiff

MIKE HONDA FOR CONGRESS

COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES