LEO CUNNINGHAM, State Bar No. 121605
DAVID J. BERGER, State Bar No. 147645
CHARLES T. GRAVES, State Bar No. 197923
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: dberger@wsgr.com; lcunningham@wsgr.com;
       tgraves@wsgr.com

Attorneys for Defendants
RO FOR CONGRESS, INC. and
ROHIT "RO" KHANNA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MIKE HONDA FOR CONGRESS, an unincorporated political association,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN PARVIZSHAHI, an individual, RO FOR CONGRESS, INC., a California corporation, ROHIT "RO" KHANNA, an individual, and DOES 1 through 10,<br><br>Defendants. | CASE NO.: 5:16-cv-05416-EJD<br><br>**DEFENDANTS RO FOR CONGRESS, INC. AND ROHIT "RO" KHANNA'S MOTION FOR EXPEDITED DISCOVERY AND TO SHORTEN TIME (Civ. L.R.7-2, 6-1(a), 6-3(a)) and MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Before: Honorable Edward J. Davila<br><br>Complaint Filed: September 22, 2016 |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on September 26, 2016, Defendants Ro Khanna and Ro for Congress, Inc. ("Khanna Campaign") will move this Court pursuant to Civil Local Rules 7-2, 6-1(a), and 6-3(a) for (1) expedited discovery, to be due before the Khanna Campaign's opposition brief to Plaintiff's Motion for a Preliminary Injunction (ECF No. 5) comes due; and (2) to shorten the time for this motion to be decided, alongside the Khanna Campaign's concurrently-filed motion to continue the hearing date on Plaintiff's motion.

This motion is supported by the accompanying Memorandum of Points and Authorities, a proposed order, and the Declaration of Charles Graves and its exhibits. The Khanna Campaign is concurrently moving to continue the hearing date on the motion for preliminary injunction. Counsel for the Khanna Campaign are available for oral argument at the Court's convenience on this motion.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In connection with its concurrently-filed motion to briefly continue the hearing date on the request for a preliminary injunction filed by Plaintiff Mike Honda for Congress ("Honda" or the "Honda Campaign"), the Khanna Campaign respectfully requests that (1) it be permitted to serve and obtain limited expedited discovery before its opposition brief is due; and (2) this motion be heard on shortened time.

Because there are significant – and suspicious – gaps in the story told by the Honda Campaign in its moving papers, expedited discovery is necessary before the hearing on the motion for preliminary injunction. The Khanna Campaign proposes that it be permitted to serve nine Requests for Production and three Interrogatories, and take a Rule 30(6)(6) deposition of Plaintiff's representative on the same narrowly-tailored topics, before its opposition brief comes due.

There is good cause for expedited discovery because the Honda Campaign's papers contain significant assertions that are inconsistent with the evidence it submitted, omissions about a key accusation, and statements that are contradictory and hypocritical:

● **Absence of Confidentiality Agreement with Arum Group, LLC**: The Honda Campaign purports to have an agreement with an individual associated with third party Arum Group, LLC, but it fails to present any contract between itself and Arum Group. The agreement with the individual is non-assignable. (*See* Complaint ¶¶ 16-17; *cf.* Declaration of Madalene Xuan-Trang Mielke Exhibit 3). If there is no contract between The Honda Campaign and Arum Group, LLC, the supposedly confidential information is unprotectable because the Honda Campaign failed to use reasonable security measures, and failed to provide for confidentiality and ownership. Expedited discovery is necessary to determine if any such contract exists.

● **Absence of Confidentiality Agreement Between Arum and Parvizshahi**: The Honda Campaign alleges that third party Arum Group, LLC had a confidentiality contract with Defendant Brian Parvizshahi – a necessary precondition for any allegation that Parvizshahi owned any confidentiality obligation, or that any computer access restrictions ever existed. But

it attaches no such agreement, and instead attaches a different agreement dated two years later – 2014 – between Arum Group and an anonymous third party. (*See* Complaint ¶ 22-23; *cf.* Declaration of Madalene Xuan-Trang Mielke Exhibit 1). If there is no confidentiality or access restriction agreement between Parvizshahi and the Arum Group, the Honda Campaign's allegations face serious roadblocks. Expedited discovery is necessary to determine if any such contract exists.

● **Suspicious Failure to Allege that Defendants Accessed the "Cranes" Document**: In its Complaint and moving papers, the Honda Campaign complains that someone leaked one of the documents demonstrating Honda's own unethical conduct—the so-called "Cranes Club" document, in which Honda sought to provide services to those who agreed to donate at least $1000 to his campaign. This unethical behavior by Honda and his staff has led to a Congressional investigation of Mike Honda. In its complaint, the Honda Campaign appears to imply that one or more Defendants was responsible for "leaking" this document. But a close read of its moving papers shows something entirely different: not only does the Honda Campaign craftily avoid any express accusation that any Defendant leaked the document, but it conspicuously fails to identify the "Cranes Club" document as one of the files it claims Parvizshahi accessed on Dropbox. (*See* Complaint ¶¶ 75-76, 85; *cf.* Complaint ¶¶ 56-62). Further, Honda's own campaign manager has previously admitted that the Cranes document is "nothing more than a list of donors that anyone could access from public record." *See* http://www.politico.com/states/california/story/2015/12/1000-cranes-list-raises-new-questions-about-honda-donors-029237. Expedited discovery is necessary to see what Honda knew about the Cranes Club—a question that many have been asking for months and Honda has refused to answer—as well as to confirm the statement by Honda's campaign manager that the information about the donors Honda targeted for the Cranes Club was public information and thus not confidential, as now alleged in the Complaint.

● **Potential Commingling of Khanna's Donor Data and Hypocrisy by Mike Honda**: In its moving papers, the Honda Campaign submitted a sworn statement from Mike Honda: "I abide by a simple rule: As a matter of respect, one should never solicit supporters of my

1  opponent." Despite that sweeping statement sworn under penalty of perjury, the Honda
2  Campaign concedes that two of the documents in the DropBox account held by Arum Group,
3  LLC are entitled "Detailed call notes on Honda calls to previous Ro donors" and "Info on Ro
4  max donors." It also admits the existence of a document in its possession entitled "2012 khanna
5  donors Pritpal Singh.xls." (*See* Complaint at 13:7-11, Declaration of Michael Beckendorf,
6  Exhibit 1). Expedited discovery is necessary to determine if Honda's sworn statement about not
7  soliciting Mr. Khanna's supporters is true, whether Honda engaged in the exact same conduct it
8  now asserts is wrongful, and whether the Honda Campaign's purportedly confidential
9  information in fact commingled donor or other contact information that first originated from the
10 Khanna Campaign.

11 ● **Unredacted Donor Lists**: The Honda Campaign claims that the Khanna Campaign
12 obtained allegedly confidential donor lists, but failed to provide unredacted copies of the
13 documents at issue so that the Khanna Campaign can effectively investigate (1) whether it did or
14 did not receive such data; and (2) whether it in fact possesses the same, overlapping information
15 from other sources – such as contacts lists it has purchased, from public records, and other
16 sources having nothing to do with the Arum Group, LLC Dropbox account. The Honda
17 Campaign should be required to turn over such records on an expedited basis.

18 ● **Alleged "Irreparable Injury"**: The Honda Campaign purports to have suffered
19 "irreparable harm" from a political campaign emails sent a year ago, in October 2015. But its
20 allegations are conclusory and hollow – it claims that individuals were harassed simply because
21 they received an email, or that Mike Honda suffered "embarrassment" over something his
22 campaign has made every effort to publicize. Expedited discovery is necessary to explore these
23 claims of irreparable injury.

24 For these reasons, the Khanna Campaign respectfully requests that the Court decide this
25 motion on shortened time, concurrently with its motion to continue the preliminary injunction
26 motion hearing date, and order the Honda Campaign to respond fully to the expedited discovery
27 the Khanna Campaign seeks at least five business days before the opposition to the preliminary
28 injunction motion is due.

## II. ARGUMENT

### A. There is Manifest Good Cause for Expedited Discovery.

Good cause exists for the expedited discovery the Khanna Campaign seeks given the gaps and implied accusations made in the Honda Campaign's moving papers – based on evidence that may not even exist, but would be under the control of the Honda Campaign.

A party can obtain expedited discovery on a showing of good cause. *See Kremen v. Cohen*, 2011 U.S. Dist. LEXIS 141273, *28 (N.D. Cal, Dec, 7, 2011) (stating rule and granting expedited discovery in connection with preliminary injunction motion); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.RD. 273, 276 (N.D. Cal. Apr. 19, 2002) (stating rule and granting early discovery in connection with patent case disclosures). Factors include whether a motion for preliminary injunction motion is pending, whether the requests are narrowly tailored, the purpose of the requests,and the burden on the responding party. *See Kremen*, 2011 U.S. Dist. LEXIS at 28.

There is good cause to order expedited discovery regarding discrete issues that the Honda Campaign has specifically placed at issue in its motion for injunctive relief, as set forth above. Each of the requests the Khanna Campaign seeks is narrowly tailored to specific accusations, claims that evidence exists to support an accusation, or implied accusations the Honda Campaign makes in its moving papers. Because the Honda Campaign (1) has affirmatively stated that certain evidence does in fact exist, (2) was duty-bound under Rule 11 to investigate its accusations before making them in this lawsuit, and (3) had all the information relevant to its allegations since at least May 2016, there is no meaningful burden on the Honda Campaign to respond to these requests. The requests will illuminate many of the key issues on the motion for a preliminary injunction and therefore will clarify things for the Court.

The Khanna Campaign has concurrently submitted its proposed requests for production, interrogatories, and Rule 30(6)(6) deposition topics in the accompanying Declaration of Charles Graves.

### III. CONCLUSION

For these reasons, the Khanna Campaign respectfully requests that the Court decide this motion on shortened time and order the Honda Campaign to respond fully to the expedited discovery the Khanna Campaign seeks at least three business days before the opposition brief is due.

Dated: September 26, 2016

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation


By: /s/ David J. Berger
DAVID J. BERGER
dberger@wsgr.com

Attorneys for Defendants
RO FOR CONGRESS, INC. and
ROHIT "RO" KHANNA

# CERTIFICATE OF SERVICE

I, David J. Berger, hereby certify that on September 26, 2016 the foregoing document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ David J. Berger*
David J. Berger