UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MIKE HONDA FOR CONGRESS,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN PARVIZSHAHI, et al.,<br><br>Defendants. | Case No. 5:16-cv-05416-EJD<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR EXPEDITED DISCOVERY; DENYING DEFENDANTS' MOTION TO CONTINUE HEARING DATE**<br><br>Re: Dkt. Nos. 22, 23 |

Presently before the court are two matters filed by Defendants Ro for Congress, Inc. and Rohit "Ro" Khanna ("Defendants"): (1) a motion for expedited discovery, and (2) a motion to continue the hearing on Plaintiff Mike Honda for Congress' ("Plaintiff") Motion for Preliminary Injunction. Dkt. Nos. 22, 23. Having reviewed the documents filed in relation to these matters, the court finds, concludes and orders as follows:

1. Expedited discovery may be permitted if there is "good cause" to do so. Interserve, Inc. v. Fusion Garage PTE, Ltd., No. C 09-05812 JW (PVT), 2010 U.S. Dist. LEXIS 63957, at 4-5, 2010 WL 143665 (N.D. Cal. June 7, 2010). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002). In determining whether good cause exists, courts have considered the purpose of the requested discovery, whether the request is narrowly tailored, and the potential burden on the responding party. Id. at 276-77.

2. Because Defendants' expedited discovery request is made in anticipation of a

1

Case No.: 5:16-cv-05416-EJD
ORDER DENYING DEFENDANTS' MOTION FOR EXPEDITED DISCOVERY; DENYING DEFENDANTS' MOTION TO CONTINUE HEARING DATE

1  preliminary injunction hearing, the court is also mindful of the standard that Plaintiff must satisfy
2  to obtain such relief.  A preliminary injunction is "an extraordinary remedy that may only be
3  awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res.
4  Def. Council, Inc., 555 U.S. 7, 22 (2008); Lopez v. Brewer, 680 F.3d 1068, 1072 (9th Cir. 2012)
5  ("A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted
6  unless the movant, by a clear showing, carries the burden of persuasion.'").  "To obtain a
7  preliminary injunction, the moving party 'must establish that: (1) it is likely to succeed on the
8  merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the
9  balance of equities tips in its favor; and (4) an injunction is in the public interest.'" Idaho v. Coeur
10 D'Alene Tribe, 794 F.3d 1039, 1046 (9th Cir. 2015) (quoting Pom Wonderful LLC v. Hubbard,
11 775 F.3d 1118, 1124 (9th Cir. 2014)).

12     3.    In addition, "'serious questions going to the merits' and a hardship balance that tips
13 sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the
14 plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the
15 public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1132 (9th Cir. 2011).

16     4.    In the motion for expedited discovery, Defendants seek leave to take expedited
17 discovery in the form of nine requests for production, three interrogatories and a deposition under
18 Federal Rule of Civil Procedure 30(b)(6), to investigate several topics, including (1) whether a
19 relevant confidentiality agreement exists, (2) the reason certain allegations may have been omitted
20 from the Complaint, (3) whether a particular statement submitted by Mike Honda is true, (4)
21 whether Defendants' actually possess any confidential donor information, and (5) whether
22 Plaintiff's irreparable injury arguments can be supported.  Defendants argue good cause exists for
23 this discovery because, in their opinion at least, Plaintiff's "papers contain significant assertions
24 that are inconsistent with the evidence it submitted, omissions about a key accusation, and
25 statements that are contradictory and hypocritical."

26     5.    In opposition, Plaintiff disputes the existence of good cause.  To that end, Plaintiff

27

2

28 Case No.: 5:16-cv-05416-EJD
ORDER DENYING DEFENDANTS' MOTION FOR EXPEDITED DISCOVERY; DENYING
DEFENDANTS' MOTION TO CONTINUE HEARING DATE

represents it has already disclosed all of the evidence supporting it claims, and will share additional evidence, including unredacted donor information, if the hearing on preliminary injunction is not delayed.  Additionally, Plaintiff contends that most of the information sought by Defendants is not relevant to issues that will be addressed in connection with the injunction motion, and for that reason, their proposed discovery requests are not narrowly tailored.

6.	The court finds that Defendants have not shown good cause for expedited discovery.  First, the information sought by Defendants is not justified by its purported purpose.  Indeed, as the court has observed and as Defendants undoubtedly recognize, it will be Plaintiff's burden to sufficiently establish all that is necessary for the issuance of preliminary injunctive relief under <u>Winter</u> or <u>Cottrell</u>.  If Defendants believe that Plaintiff's evidence is insufficient to fulfill either standard, or believe its presentation is fatally unpersuasive so as to preclude Plaintiff from obtaining extraordinary relief, they are free to make those arguments.  None of the discovery requested is needed in order for Defendants to present their opposition, and their defense to this limited issue will not be hindered in its absence.

7.	Second, the court agrees with Plaintiff that some of Defendants' requests seek information that is irrelevant to the issue of whether or not an injunction should issue, and are not narrowly tailored in any event.  For example, Defendants make no effort to convincingly justify, in the context of issues that may arise in connection with the injunction motion, the discovery related to allegations they believe are missing from the Complaint.  A similar observation can be made with regard to their request to test the truthfulness of a statement made by Mike Honda; the relevance of that discovery to the motion for preliminary injunction as opposed to the ultimate merits of Plaintiff's claims is not explained.

8.	Third, the court has issued a schedule for the injunction motion it believes is appropriate under the circumstances.  Thus, a consideration of the timely administration of justice does not weigh in favor of permitting expedited discovery.

Thus, for the reasons explained, Defendants' Motion for Expedited Discovery (Dkt. No.

3

Case No.: 5:16-cv-05416-EJD
ORDER DENYING DEFENDANTS' MOTION FOR EXPEDITED DISCOVERY; DENYING DEFENDANTS' MOTION TO CONTINUE HEARING DATE

1   23) is DENIED.  However, in light of its offer to do so, the court orders Plaintiff to produce to

2   Defendants by **5:00 p.m. on September 29, 2016**, an unredacted copy of the Donor Document

3   entitled "030514 MH contribution 2008-2014.xls," and its non-privileged correspondence with

4   Garnetta Annable, Judy Bertelsen, Kalyn Free, Fayzan Gowani, Washington State Senator Bob

5   Hasegawa, and Dale Minami.

6   With this result, there is no basis to continue the hearing on the Motion for Preliminary

7   Injunction.  Accordingly, Defendants' motion requesting such relief (Dkt. No. 22) is DENIED.

**IT IS SO ORDERED.**

Dated:  September 28, 2016



EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-05416-EJD
ORDER DENYING DEFENDANTS' MOTION FOR EXPEDITED DISCOVERY; DENYING
DEFENDANTS' MOTION TO CONTINUE HEARING DATE